[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM MOTION TO STRIKE #112
The defendants, Cummings Lockwood and Cummings Lockwood, P.C., move to strike counts seven through twelve of the plaintiffs amended complaint.[1] The defendants move to strike for failure to state a claim because "each [count] is premised on the theory that Defendants are vicariously liable for the acts of Defendant . . . Gammill, but nowhere in the Complaint does Plaintiff allege that Gammill was an employee or a principal of Defendants at the time of the events which allegedly give rise to the liability." (Defendants' Motion to Strike.) Taking the facts most favorable to the pleader including those facts necessarily implied; Westport Bank Trust v. Corcoran, Mallin Aresco,221 Conn. 490, 495, 605 A.2d 862 ( 1992); the plaintiff has sufficiently alleged vicarious liability.
The plaintiff has alleged in relevant part: "At all relevant times, Gammill was an employee and/or principal of Cummings 
Lockwood, Cummings Lockwood, P.C. . . ." (Counts 7-12,¶ 6.) "Defendants Cummings Lockwood, Cummings Lockwood, P.C. are liable for the above-described acts of their employee and/or principal Gammill, all of which acts were done in the course of his employment and/or as a principal. . . . " (Count 7, ¶ 45; Count 8, ¶ 49; Counts 9-10,¶ 50; Count 11, ¶ 51, Count 12,¶ 45.) CT Page 9370 Therefore, the motion to strike is denied.
STODOLINK, J.